IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DAVID A. PARKER,
      Plaintiff,

vs.                              Case No.: 5:09cv189/RS/EMT

MICHAEL J. ASTRUE,
Commissioner of Social Security,
      Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the court upon "Plaintiff's Petition for Attorney Fees Pursuant to the Equal Access to Justice Act" ("EAJA") (Doc. 36) and a response thereto filed by Defendant Michael J. Astrue (hereafter, "the Commissioner") (Doc. 37). Plaintiff seeks an award, payable to his attorney, of EAJA fees in the amount of $3,898.44 (Doc. 36 at 1, 5). The Commissioner does not contest the amount of fees requested by Plaintiff, although—as discussed more fully *infra*—he objects to the payment being made to Plaintiff's attorney (*see* Doc. 37).

The EAJA, 28 U.S.C. § 2412, allows for the award of attorney fees and other expenses against the government provided: 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within thirty days of the final judgment in the action; 3) the position of the government is not substantially justified; and 4) no special circumstances make an award unjust. The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(l)(A), (B).

In Shalala v. Schaefer, 509 U.S. 292, 113 S. Ct. 2625, 124 L. Ed. 2d 239 (1993), the Supreme Court held that a social security plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) was the "prevailing party" and as such was entitled to attorney fees and expenses under the EAJA. In the instant case, the court reversed the decision of the Commissioner and remanded the case pursuant to sentence four of § 405(g) (*see* Docs. 29, 32). Moreover, Plaintiff's application for fees was timely filed, the Commissioner's

position was not substantially justified, and the Commissioner agrees that fees should be paid in this case (*see* Doc. 37). Accordingly, an award of fees is appropriate.

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states:

> (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.)

Plaintiff's attorney seeks compensation for 23.9 hours of work performed on Plaintiff's behalf in court-related proceedings and in obtaining an award of fees from the court, based upon the following time expenditures and hourly rates: 1) 2.2 "law clerk" hours at the rate of $65.00 per hour ($143.00); 2) 14.3 attorney hours in 2009 at the rate of $172.25 per hour ($2463.18); and 3) 7.4 attorney hours in 2010 at the rate of $174.63 per hour ($1,292.26) (*see* Doc. 36 at 5, n.2). Although Plaintiff seeks an award based in part upon hourly rates higher than $125.00, the Commissioner does not contest an award of attorney fees based upon the higher hourly rates, and this court concludes that amounts greater that $125.00 per hour are reasonable, as has been found in numerous recent cases. *See, e.g.,* Facine v. Barnhart, Case No. 5:02cv26/MD (N.D. Fla. 2004) (finding compensation at the rate of $145.00 per hour reasonable for work performed in 2001 through 2004); Godwin v. Barnhart, Case No. 3:04cv298/RV/EMT (N.D. Fla. 2006) (finding compensation at the rate of $147.63 per hour reasonable, based upon a change in the Consumer Price Index, for work performed in 2004 through 2005). Additionally, the Commissioner has stated no objection to the amount of time claimed by Plaintiff's counsel or law clerk (*see* Doc. 37), and the court finds that the time expenditures are reasonable. Accordingly, an award in the amount of $3898.44 is appropriate.

The remaining question concerns to whom the EAJA award is payable. In Astrue v. Ratliff, 130 S. Ct. 2521 (2010), the Supreme Court resolved a split among certain Circuit Courts of Appeal and held that an award of "fees and other expenses" to a "prevailing party" under § 2412(d) is payable to the litigant, not to the litigant's attorney. *See also* Reeves v. Astrue, 526 F.3d 732 (11th Cir. 2008) (same). The Court further held that because the EAJA award was "payable to the

litigant," the government could offset the claimant's debt against that award. <u>Ratliff</u>, 130 S. Ct. at 2528–29.[1]

Although <u>Ratliff</u> did not address the payment of EAJA fees directly to counsel where the prevailing plaintiff has assigned his or her interest to the attorney, as in the case at bar (*see* Doc. 36 at 4 & Ex. F), the undersigned has followed the common practice of other courts in this district and circuit by recommending payment to counsel when an assignment of benefits has been included with counsel's petition and there was no indication that the litigant had an outstanding debt owed to the United States.[2] *See, e.g.*, <u>Turner v. Astrue</u>, Case No. 5:07cv9/RS/EMT (awarding EAJA fee to counsel for Plaintiff where valid EAJA assignment had been made); <u>Buffin v. Astrue</u>, No. 3:05cv1289/J/TEM, 2008 WL 2605475, at *2 (M.D. Fla. June 30, 2008) (same). *See also* <u>Ratliff</u>, 130 S. Ct. at 2529 (noting that the government has continued its direct payment practice (that is, its practice of awarding EAJA fees to counsel when an assignment has been made) only in cases where the claimant does not owe a debt to the government); <u>Perez v. Astrue</u>, No. EDCV 09-1837/OP, 2010 WL 2888989, at *2 (C.D. Cal. July 20, 2010) (acknowledging a plaintiff's right to assign interest in EAJA award to attorney but noting that such assignment does not prevent an offset of the award if the plaintiff owes a debt to the government, which debt accrued prior to the assignment).

Thus, turning to the instant case, the court notes that Plaintiff's counsel has acknowledged Plaintiff owes a debt to the United States, and further, that any attorney fees awarded under the EAJA may be seized to satisfy the outstanding debt (Doc. 36 at 4).[3] Counsel thus requests that any EAJA fees <u>in excess of Plaintiff's debt</u> be paid directly to counsel (*see id.*). Counsel also requests that "a statement of the amount seized [to satisfy Plaintiff's debt] and the reasons for the seizure" be provided to her (*id.*). The Commissioner opposes counsel's requests, noting that the Court clarified in <u>Ratliff</u>, 130 S. Ct. at 2521, that the EAJA fee is payable to Plaintiff as the litigant and is subject to an offset of any pre-existing debt owed by Plaintiff to the United States (Doc. 37 at 1).

---

[1] In <u>Ratliff</u>, the Court was not required to address whether its decision would have been different if the claimant had assigned her right to the EAJA award directly to her attorney, as Plaintiff has done in the instant case.

[2] The common practice, however, appears to have evolved without the benefit of knowing whether or not the plaintiffs, as "prevailing parties," were responsible for debts owed to the government, and thus subject to offsets. Indeed, in the undersigned's previous practice, the parties did not discuss whether the plaintiffs owed debts to the United States, and the Commissioner did not object to the payment of EAJA awards to counsel in light of the plaintiffs' assignments.

[3] Plaintiff's counsel, Heather Freeman, was unable to determine the amount of Plaintiff's outstanding debt or to whom it is owed, although the United States Treasury Department provided instructions to her, stating that contact with "the Child Support Enforcement Hotline" should be made (Doc. 36 at 4). Thus, while not relevant to the undersigned's recommendation, it appears that Plaintiff's debt is related to child support obligations.

Moreover, the Commissioner states, the United States Treasury Department will not provide to the Commissioner the amount of Plaintiff's debt or the reason it is owed, because the Commissioner "has no need for that private information to determine to whom to pay the EAJA fee" (*id.* at 1–2, n.1).  Finally, the Commissioner notes that the systems currently in place for processing EAJA payments "are able to pay only one payee, and according to <u>Ratliff</u>, the payee is Plaintiff," not Plaintiff's counsel (*id.*).

The undersigned agrees with the Commissioner that the award in this case is properly payable to Plaintiff, as the "prevailing party," not to his attorney, even though Plaintiff assigned any award under the EAJA to his attorney.  This is so because Plaintiff owes an outstanding debt to the United States, and the EAJA award may properly be offset to satisfy that debt.[4]  Indeed, in light of <u>Ratliff</u>, 130 S. Ct. at 252, the undersigned concludes that EAJA fee awards should be made directly to plaintiffs deemed to be "prevailing parties," unless it is undisputed that the prevailing parties owe no debts to the United States and the parties have made a valid assignment of the EAJA awards to their attorneys.  Where, as here, a prevailing plaintiff appears to owe a debt to the United States, the court should not endeavor to determine whether it is a qualifying debt, the amount of the debt, or to whom the debt is owed; nor should the court order payment of EAJA fees to anyone other than the plaintiff.  *See* <u>Preston v. Astrue</u>, No. 3:08cv991/J/TEM, 2010 WL 3522156, at *2 (M.D. Fla. Sep. 8, 2010) ("In light of <u>Ratliff</u>, this Court finds it a better practice to simply award the EAJA fees directly to Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees.  It is not the duty of the Court to determine whether Plaintiff owes a debt to the government that may be satisfied, in whole or in part, from the EAJA fees award.  The Court leaves it to the discretion of the Commissioner to determine whether to honor Plaintiff's assignment of EAJA fees."); <u>Young v. Commissioner</u>, No. 3:09cv574/J/MCR, 2010 WL 3043428, at *2 (M.D. Fla. July 30, 2010) ("While Plaintiff's counsel presented a document executed by Plaintiff that purports to assign future EAJA fees, nothing in the record supports a determination that Plaintiff does not currently owe a federal debt.  Therefore, the attorney's fees awarded under the EAJA shall be payable directly to Plaintiff.");  *see also*  <u>Rathke v. Astrue</u>, No. 08-5084/JLV, 2010 WL 3363380, at *3–4 (D.S.D. Aug. 23, 2010) (rejecting argument that assignment required EAJA award to be paid to claimant's attorney and noting, "The state statutes cited by [claimant's attorney] do not alter the

---

[4] In the event Plaintiff receives all or a portion of the EAJA award (e.g., if his outstanding debt to the United States is less than $3,898.44, and the excess amount is paid to him, or it is determined that Plaintiff has no outstanding debt or no qualifying debt, and the entire EAJA fee is paid to him), he is obligated—pursuant to the terms of his "Assignment of EAJA Fee" (Doc. 36, Ex. F)—to pay to his counsel any amount received.

Supreme Court's ruling in <u>Ratliff</u> nor does the existence of a fee agreement . . . the court is bound by Supreme Court precedent to order the EAJA award in its entirety be paid directly to [the claimant]").

Accordingly, it respectfully **RECOMMENDED** that "Plaintiff's Petition for Attorney Fees Pursuant to the Equal Access to Justice Act" (Doc. 36) be **GRANTED** as follows:

1.  Plaintiff is entitled to recover fees in the amount of $3,898.44, for time expended by his counsel in representing him before the United States District Court for the Northern District of Florida pursuant to 28 U.S.C. § 2412 (EAJA). Because Plaintiff owes an outstanding debt to the United States, the fee award is subject to an offset to satisfy the debt.

2.  If Plaintiff receives all or any portion of the EAJA fee award, he shall, within **SEVEN (7) DAYS** of receipt of the award, pay that amount to his attorney, Heather Freeman.

At Pensacola, Florida, this 23rd day of November 2010.


/s/ *Elizabeth M Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**

Case No.: 5:09cv189/RS/EMT